REGAN, Judge.
The plaintiff, Emile J. Guidry, a laborer, instituted this suit against the defendant, Johns-Manville Products Corporation, his employer, endeavoring to recover compensation at the rate of $30 per week for a period of 400 weeks less compensation previously paid, for permanent total disability as the result of a fracture incurred by him on February 26, 1951, to the great toe of his left foot, when a piece of concrete pipe fell thereon during the course of his employment.
The defendant answered admitting the occurrence of the accident, but averred that plaintiff had already been paid more compensation than he was entitled to and, in the alternative, asserted that if the court should find that plaintiff is presently disabled he may then recover only sixty-five percent of the difference between the wages he was earning at the time of the injury and the wages which he has been able to earn thereafter.
The trial judge was of the opinion that plaintiff had suffered a 28% partial permanent disability and was, therefore, entitled to 28% of 65% of the difference between the average wage he had earned for a pe *201 riod of eight weeks prior to the accident and the average weekly wage he had earned after the accident to the date of the trial, a period of approximately 79 weeks. However since this computation amounted to only $1,318 per week and the statutory minimum is $3 per week, judgment for this amount was, therefore, rendered in plaintiff’s favor for a period not exceeding 300 weeks, subject to a credit of $262.50 for compensation previously paid. From this judgment plaintiff has prosecuted this appeal.
It is conceded by both litigants that plaintiff was injured during the course of his employment by the defendant as a “curer”, when a heavy piece of concrete pipe fell on his left foot crushing the great toe thereof, and as a result he incurred a comminuted fracture. He was examined by Dr. Francis T. Gidman, the defendant’s physician, who placed plaintiff’s foot in a cast for four weeks, during which time he was paid compensation by the defendant. On March 31, 1951, the cast was removed and plaintiff returned to the defendant’s plant, on crutches, where he was permitted to engage in light bench work. Plaintiff continued to complain of pain and on May 22, 1951, he was referred by Dr. Gidman to Dr. Rufus Aldredge, a specialist in orthopedics, who examined plaintiff and concluded that he had a fracture of the proximal phalanx of the left great toe which had not united and that an operation was indicated. Dr. Ald-redge performed this surgery on May 28, 1951, which consisted in the removal of a portion of the bone of the toe. On July 24, 1951, plaintiff returned to his employment, although he continued to visit Dr. Aldredge through August 31, 1951, when he was permanently discharged from further medical care. On October 8, 1951, plaintiff, of his own volition, terminated' his employment with the defendant to “return to the country.”
While it is true that plaintiff initially instituted this suit for permanent total disability requesting the sum of $30 per week for a period not exceeding 400 weeks, on appeal, both in oral argument and in brief, he has obviously abandoned this position and now insists that he is entitled to compensation at the rate of 65% of the difference between the wage he earned during the last week that he worked prior to the injury or $56.31 and the wage he was earning each week at the time of the trial or $45 for a period not exceeding 300 weeks.
As related hereinabove defendant, on the other hand, insists that plaintiff has been fully compensated or, alternatively, asserts that is we should conclude plaintiff has incurred a partial disability, he is entitled to 65%, of the difference between the wages he was earning at the time of the injury and the wages he has been able ta earn thereafter not exceeding 300 weeks, However, in view of the testimony of defendant’s expert, Dr. Aldredge, who expressed the opinion that plaintiff had incurred a disability of 28% and under the provisions of LSA-R.S. 23:1221(3) he would be entitled to 65%, of the difference between the wages he was earning at the time of the accident and the wage he has been able to earn since the accident, the initial defense urged by defendant is now untenable and it, therefore, is relegated to its alternative defense. This results in the unusual situation wherein plaintiff and defendant are in full accord except with respect to the figures which should be employed in computing the compensation. Plaintiff insists that he is entitled to compensation at the rate of 65% of the difference between the wage which he earned the last week that he worked prior to the injury or $56.31 and the amount he was earning per week at the time of the trial or $45. Defendant, on the other hand, asserts that, since the earnings of the plaintiff varied from week to week prior to the accident, these wages should be averaged over a period of at least eight weeks and that the sum of $55,136 be considered as his weekly wage and the wages which he was able to earn following the accident should be averaged for the entire period of time that he worked after he left the employ of the defendant and it concludes that this figure should amount to the sum of $47.90.
*202 We fully agree that the wages which the plaintiff earned for a period of approximately eight weeks prior to the accident should be taken into consideration in arriving at his average weekly earnings and this amounts to the sum of $55.136. However, the record reveals that the plaintiff worked for seven different employers between October 8, 1951 and the date of the trial and the plaintiff, a very illiterate man who could neither read nor write, was unable to state with any certainty how long he worked for each employer or to state exactly the amount of his earnings during this time, but the record does reflect that plaintiff was employed for five months immediately prior to .the trial at a weekly wage of $45 and we feel that this is the more equitable wage he was able to earn after the accident and this amount should be used in computing the compensation.
The plaintiff, therefore, is entitled to 65% of the difference between $55.136 and $45 or $7.23% per week- for a period not exceeding 300 weeks, subject to a credit of $262.50.
. For the reasons assigned the judgment appealed from is amended by increasing the amount- awarded plaintiff to $7.23% per week; and as thus amended it is affirmed.
Amended and affirmed.